IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHANIEL JOHNSON, # B84311, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 19-cv-1087-NJR |
| | ) |
| GLEN AUSTIN, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

In 2003, Petitioner Nathaniel Johnson was charged with one count of first-degree murder and one count of aggravated arson in St. Clair County, Illinois, Case No. 03-CF-69. In December 2004, he pleaded guilty to an amended charge of aggravated arson, and the State agreed to dismiss the murder charge. He was sentenced to 30 years' imprisonment and is now in custody at Graham Correctional Center.

On October 7, 2019, Johnson's petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 was docketed. (Doc. 1). The Petition states that it was placed in the prison mail system on October 2, 2019. (Doc. 1, p. 23). Applying the "mailbox rule," *Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999), the date of filing is deemed to be October 2, 2019.

This matter is now before the Court on Respondent's Motion to Dismiss (Doc. 14), arguing the Petition is time-barred. Johnson responded to the motion with a pleading entitled "Motion to Grant." (Doc. 16).

### RELEVANT FACTS AND PROCEDURAL HISTORY

In view of the timeliness issue raised in Respondent's motion, it is not necessary to recite in detail the facts underlying Johnson's conviction. As he states in his Petition, he set fire to his

1

estranged wife's house after an argument. His wife's 10-year-old son was in the house and died of smoke inhalation. (Doc. 1, pp. 5-6).

The state court process on direct appeal was protracted and somewhat complicated. Before appealing from a judgment entered upon a guilty plea, Illinois requires a defendant to file a motion to withdraw the guilty plea within thirty days of sentencing. *See* ILL. SUP. CT. R. 604(d). Johnson filed a motion to reduce his sentence instead of a motion to withdraw his plea. That motion was denied, the Appellate Court reversed and remanded for further proceedings, and Johnson was permitted to file a late Rule 604(d) motion to withdraw his plea. The motion was denied, Johnson appealed, and the Appellate Court reversed and remanded because Johnson's attorney had failed to file the certificate required by Rule 604(d). Johnson then moved to withdraw his 604(d) motion and proceed instead on a petition for relief from judgment under 735 ILCS 5/2-1401. Although the court permitted him to do so, he appealed. His appeal was denied on December 8, 2010. (Docs. 14-2, 14-3, 14-4, 14-5). He did not file a petition for leave to appeal (PLA) in the Illinois Supreme Court.

In April 2006, while the direct appeal was proceeding, Johnson filed a postconviction petition under 725 ILCS 5/122-1, *et seq*. The circuit court dismissed, and the Appellate Court affirmed in May 2014. The Illinois Supreme Court denied Johnson's PLA on September 24, 2014. (Docs. 14-1, 14-6).

Johnson filed several more state court challenges to his conviction and sentence. He filed motions to reduce his sentence in December 2014 and July 2015. (Doc. 14-3, ¶¶ 23, 24, 28). He filed a motion for leave to file a successive postconviction petition in August 2015. The Appellate Court affirmed the denial of leave to file in March 2019. (Doc. 14-3). And, in June 2016, he filed a combined petition for state habeas corpus relief and for relief from judgment under Section 2-

1401. (Doc. 14-8). According to Respondent, this petition was denied, and Johnson did not appeal. (Doc. 14, p. 3, footnote 4).

### APPLICABLE LEGAL STANDARDS

28 U.S.C. § 2244 creates a one-year limitation period for filing a petition for writ of habeas corpus. Under 28 U.S.C. § 2244(d)(1), a person convicted in state court must file his federal habeas petition within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations is tolled during the pendency of a "properly-filed" state post-conviction petition. 28 U.S.C. § 2244(d)(2). The one-year statute of limitations is also "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling applies only where the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

### ANALYSIS

Johnson's direct appeal concluded on December 8, 2010, when the Appellate Court affirmed the dismissal of his Rule 604(d) motion to withdraw his guilty plea. His conviction became "final" within the meaning of Section 2244(d)(1)(A) on January 21, 2011, when the time

for filing a PLA expired. *See Owens v. Boyd*, 235 F.3d 356, 357 (7th Cir. 2000). The one-year period did not begin to run then, however, because it was tolled during the pendency of his state postconviction petition, which had been filed in April 2006.

State court proceedings on the April 2006 postconviction petition concluded when the Illinois Supreme Court denied his PLA on September 24, 2014. The one-year period began to run then, and Johnson had until September 24, 2015, in which to file a timely Section 2254 Petition in federal court.

Johnson's additional state court filings have no effect on the deadline for filing a Section 2254 Petition. The motions to reduce his sentence filed in December 2014 and July 2015 were not "properly-filed" state post-conviction petitions within the meaning of Section 2244(d)(2). They were denied because they were filed more than thirty days after entry of judgment. (*See* Doc. 14-3, ¶¶ 23, 24, 28). Applications for collateral review that are denied because they do not meet the state's timeliness requirements are not "properly filed" and do not toll the one-year filing period. *Brooks v. Walls*, 301 F.3d 839, 841 (7th Cir. 2002). The unsuccessful motion for leave to file a successive postconviction petition filed in August 2015 also had no tolling effect because it was denied. *Martinez v. Jones*, 556 F.3d 637, 639 (7th Cir. 2009). The June 2016 combined petition for state habeas corpus and for relief from judgment under Section 2-1401 had no effect because it was filed after the one-year period had expired. A state proceeding filed after the one-year period has expired does not restart the clock. *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009).

In response to the Motion to Dismiss, Johnson argues that his Habeas Petition was timely because it was filed within one year of the resolution of state court proceedings on his June 2016 combined petition for state habeas corpus and for relief from judgment. As explained above, however, that filing had no effect because it was commenced after the one-year period ran out in

September 2015. Johnson also argues that his first habeas petition was held in abeyance pending exhaustion of state remedies. He is apparently referring to an earlier Section 2241 petition filed in this district, *Johnson v. Polley*, Case No. 15-cv-1387-DRH. That petition was not held in abeyance; it was dismissed without prejudice on preliminary review, for failure to exhaust state court remedies. (Case No. 15-cv-1387, Doc. 6). In any event, that petition was filed in December 2015, after the one-year period had expired, and was itself untimely in light of the discussion herein. Johnson also argues that the state waived its right to now claim untimeliness because it did not raise timeliness in response to the earlier petition. That argument ignores the fact that the earlier petition was dismissed on preliminary review and the state was not required to make any response at all.

Johnson points out that he is incarcerated and not represented by counsel. Although he does not label it as such, he is apparently arguing for equitable tolling. However, equitable tolling is "an extraordinary remedy that is 'rarely granted.'" *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013) (quoting *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010)). In order for equitable tolling to apply, a petitioner must demonstrate diligent pursuit of his rights, and identify some extraordinary circumstance that prevented him from timely filing his petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The habeas petitioner has the burden to establish both of these factors. *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). Incarceration is not an extraordinary circumstance justifying equitable tolling. *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001). Neither is lack of legal experience or knowledge of the law. *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013).

Johnson's Petition was filed more than *four years* after his federal filing deadline expired. He has not demonstrated that he is entitled to equitable tolling. Thus, Respondent's Motion to

Dismiss (Doc. 14) will be granted.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order for a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show both that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, no reasonable jurist would find it debatable whether this Court's ruling on the issue of timeliness of the Habeas Petition is correct. Accordingly, the Court denies a certificate of appealability.

Johnson may reapply for a certificate of appealability to the United States Court of Appeals, Seventh Circuit. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).

### DISPOSITION

Respondent's Motion to Dismiss (Doc. 14) is **GRANTED**. All other pending motions are **DENIED as moot**. This action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

If Johnson wishes to appeal the dismissal of this action, his notice of appeal must be filed

with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Johnson plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Johnson does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED:  April 22, 2020**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**